**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
Southern District of New York
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Human Condition Safety Inc.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  47-1612476

4. **Debtor's address**

   **Principal place of business**
   61 Broadway
   Number    Street
   Suite 2710
   New York        NY        10006
   City            State     ZIP Code

   New York
   County

   **Mailing address, if different from principal place of business**
   Number    Street
   P.O. Box
   City            State     ZIP Code

   **Location of principal assets, if different from principal place of business**
   Number    Street

   City            State     ZIP Code

5. **Debtor's website** (URL)  www.hcsafety.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 1

Debtor  **Human Condition Safety Inc.**  Case number *(if known)*_____
       Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
**x** None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
**x** Chapter 11. *Check all that apply*:

    **x** Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

**x** No
☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY
        District _____  When _____  Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

**x** No
☐ Yes.  Debtor _____  Relationship _____
        District _____  When _____
                                      MM / DD / YYYY
        Case number, if known _____

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page **2**

Debtor    **Human Condition Safety Inc.**          Case number *(if known)*_____
         Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- **x** Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ❏ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- **x** No
- ❏ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

     **Why does the property need immediate attention?** *(Check all that apply.)*

- ❏ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ❏ It needs to be physically secured or protected from the weather.
- ❏ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ❏ Other _____

Where is the property? _____
         Number      Street

_____
_____
City      State      ZIP Code

Is the property insured?
- ❏ No
- ❏ Yes. Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*
- **x** Funds will be available for distribution to unsecured creditors.
- ❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

- **x** 1-49
- ❏ 50-99
- ❏ 100-199
- ❏ 200-999
- ❏ 1,000-5,000
- ❏ 5,001-10,000
- ❏ 10,001-25,000
- ❏ 25,001-50,000
- ❏ 50,001-100,000
- ❏ More than 100,000

**15. Estimated assets**

- ❏ $0-$50,000
- ❏ $50,001-$100,000
- ❏ $100,001-$500,000
- **x** $500,001-$1 million
- ❏ $1,000,001-$10 million
- ❏ $10,000,001-$50 million
- ❏ $50,000,001-$100 million
- ❏ $100,000,001-$500 million
- ❏ $500,000,001-$1 billion
- ❏ $1,000,000,001-$10 billion
- ❏ $10,000,000,001-$50 billion
- ❏ More than $50 billion

Debtor _____**Human Condition Safety Inc.**_____     Case number (*if known*)_____
          Name

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☒ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  ___*3/10/2017*___
            MM / DD / YYYY

✗ _/s/ Gregory Wolyniec_____     **Greg Wolyniec**_____
Signature of authorized representative of debtor        Printed name

Title **President, Director & Chief Executive Officer**

**18. Signature of attorney**

✗ **/s/ John D. Giampolo**_____     Date ___*3/10/2017*___
Signature of attorney for debtor                                  MM / DD / YYYY

**John D. Giampolo**
Printed name
**Wollmuth Maher & Deutsch LLP**
Firm name
**500 Fifth Avenue**
Number    Street
**New York**                                    **NY**    **10110**
City                                              State    ZIP Code

**212-382-3300**                                **jgiampolo@wmd-law.com**
Contact phone                                   Email address

_____   _____
Bar number                         State

**WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
HUMAN CONDITION SAFETY INC.**

_____March 8_____, 2017

The undersigned, representing a majority of the members of the board of directors (the "Board") of Human Condition Safety Inc., a Delaware corporation (the "Corporation"), do hereby take, pursuant to Sections 141(f), 242, and 245 of the Delaware General Corporation Law, the actions set forth below by written consent (this "Written Consent"), said actions having the same effect as if adopted at a duly held meeting of the Board.

WHEREAS, following a lengthy process during which certain members of the Corporation's Board sought out the availability of financing and sought out potential investors and/or purchasers for the Corporation, the undersigned Board members have determined that it is advisable and in the best interests of the Corporation and its respective creditors, employees, and other stakeholders and interested parties, that all actions set forth herein be taken on behalf of the Corporation (collectively, the "Actions"), including the following: (i) a voluntary petition is to be filed on behalf of the Corporation seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) the Corporation is to enter into, and receive debtor-in-possession financing pursuant to, that certain Senior Secured Debtor-in-Possession Loan Nonbinding Term Sheet dated February 16, 2017 (the "DIP Facility Term Sheet") and that certain Senior Secured, Super-Priority Debtor-in-Possession Loan and Security Agreement dated as of the date hereof (the "DIP Loan Agreement" and together with the DIP Facility Term Sheet, each a "DIP Loan Agreement Document"), in order to finance the Corporation during its Chapter 11 bankruptcy proceeding (the "Chapter 11 Case"), (iii) the Corporation is to simultaneously pursue in its Chapter 11 Case, a sale of substantially all the Corporation's assets pursuant to Bankruptcy Code section 363 and confirmation of a Chapter 11 reorganization plan, as contemplated in the DIP Loan Agreement Documents, seeking to maximize value for all the Corporation's creditors and stakeholders, and (iv) the Corporation is to enter into that certain secured bridge loan in the original principal amount of $375,000 to fund the Corporation's operations until commencement of its Chapter 11 Case pursuant to the terms of that certain Secured Promissory Note and Security Agreement dated as of February 16, 2017 (collectively, the "Bridge Loan");

WHEREAS, AIG PC Global Services, Inc. ("AIG"), an existing investor who holds approximately 18% of the outstanding shares of Series A Preferred Stock of the Corporation, which is the only class of outstanding equity interests in the Corporation, has agreed to provide the Corporation with the Bridge Loan and the debtor-in-possession financing pursuant to the terms set forth in the DIP Facility Term Sheet and in the DIP Loan Agreement;

WHEREAS, by that certain Written Consent of the Board of Directors of Human Condition Safety Inc., dated February 16, 2017, the Board determined that the terms set forth in the Bridge Loan and in the DIP Facility Term Sheet are fair to the Corporation and thereby approved the Bridge Loan and the DIP Facility Term Sheet and further provided that three of the four Board members, Greg Wolyniec, Gary Foreman and Robert Voreyer, who include the Chief

1

Executive Officer, Chief Technology Officer, President, Treasurer and Secretary of the Corporation (each a "Proper Officer" and collectively, the "Proper Officers"), are each authorized to negotiate, execute, authorize and otherwise deliver, in the name of and on behalf of the Corporation, such additional agreements and documents in furtherance of the actions and transactions contemplated in the DIP Facility Term Sheet on terms consistent with those described in the DIP Facility Term Sheet (any such additional documents, together with the DIP Loan Agreement, collectively, the "DIP Loan Documents") and with any terms in the DIP Loan Documents that may differ from the terms in the DIP Facility Term Sheet requiring approval by the appropriate Proper Officer(s);

WHEREAS, each of the three Proper Officers are disinterested and independent with respect to AIG and its proposal to provide the Corporation with the Bridge Loan and the debtor-in-possession financing pursuant to the terms in the DIP Loan Agreement Documents;

WHEREAS, to ensure that the only Board members who participate in the Board's decision making process with respect to the Bridge Loan and the DIP Loan Agreement Documents, and the actions and transactions contemplated therein, are Board members who are disinterested and independent with respect to AIG and its proposal under the Bridge Loan and the DIP Facility Term Sheet, Lex Baugh, the fourth Board member who was appointed by AIG, recused himself from participating in the Board's decision making process with respect to the Written Consent of the Board of Directors of Human Condition Safety Inc., dated February 16, 2017 and has further recused himself from participating in the Board's decision making process with respect to the matters described herein;

WHEREAS, Section 3.3 of the Corporation's Amended and Restated Certificate of Incorporation dated as of December 22, 2016 (the "Certificate of Incorporation") requires that the holders of at least 70% of the Corporation's outstanding shares of Series A Preferred Stock affirmatively vote or consent in writing to approve (i) the issuance of any debt security if the aggregate indebtedness of the Corporation for borrowed money following such issuance would exceed $250,000, or (ii) the liquidation, dissolution or wind up of the business and affairs of the Corporation or any other "Deemed Liquidation Event", which is defined in the Certificate of Incorporation to include a sale of substantially all assets of the Corporation;

WHEREAS, by that certain Written Consent of the Series A Preferred Stockholders of Human Condition Safety Inc., dated as of February 27, 2017, the Bridge Loan and the DIP Facility Term Sheet, along with all actions and transactions contemplated therein, including commencement of the Corporation's Chapter 11 Case, its reorganization and sale of substantially all its assets, were all deemed to be advisable and in the best interests of the Corporation and were otherwise approved by (i) holders of over 70% of all the Corporation's outstanding shares of Series A Preferred Stock, and (ii) over 70% of the outstanding shares of Series A Preferred Stock which is not held by AIG; and

WHEREAS, the undersigned Board members have determined that the terms set forth in the DIP Loan Agreement are fair to the Corporation and are advisable and in the best interests of the Corporation and its respective creditors, employees, and other stakeholders and interested parties, and have further determined that the terms of the DIP Loan Agreement are not materially

2

different from, or any less favorable to the Corporation than, those in the DIP Facility Term Sheet.

NOW, THEREFORE, BE IT:

RESOLVED, that the Corporation is hereby authorized and empowered to perform all the Actions herein, including filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and it is further

RESOLVED, that the undersigned Proper Officers and any other person designated and authorized to act by the Proper Officers (each, an "Authorized Officer") be, and each of them individually hereby are, in the name of and on behalf of the Corporation, appointed as the authorized representatives of the Corporation in connection with its anticipated Chapter 11 Case, and in such capacity, acting alone or together, with power of delegation, each of the Authorized Officers be, and hereby are, authorized and empowered, in the name of and on behalf of the Corporation, to execute and verify the Petition and cause same to be filed in the Bankruptcy Court at such time or in such other jurisdiction as the Authorized Officer executing the Petition shall determine; and it is further

RESOLVED, that the law firm of Wollmuth Maher & Deutsch LLP, located at 500 Fifth Avenue, 12th Floor, New York, New York 10110, is hereby employed pursuant to a general retainer as legal counsel for the Corporation in connection with the Corporation's Chapter 11 Case, subject to Bankruptcy Court approval, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Wollmuth Maher & Deutsch LLP; and it is further

RESOLVED, that each of the Authorized Officers, in their foregoing capacities as the authorized representatives of the Corporation in connection with its Chapter 11 Case, acting alone or together, with power of delegation, be, and hereby are, further authorized and empowered, in the name of and on behalf of the Corporation, to execute, verify, cause to be delivered and cause to be filed in the Bankruptcy or other jurisdiction all petitions, schedules, motions, lists, applications, pleadings, agreements, consents and other papers, and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officers deem necessary or advisable in connection with the Corporation's Chapter 11 Case, with a view to the successful prosecution of such case, including, without limitation, any action necessary to maintain the ordinary course of operation of the Corporation's business; and it is further

RESOLVED, that, in addition to the foregoing, each of the Authorized Officers, in their foregoing capacities as the authorized representatives of the Corporation in connection with its Chapter 11 Case, acting alone or together, with power of delegation, be, and hereby are, further

authorized and empowered, in the name of and on behalf of the Corporation, to enter into the debtor-in-possession financing transaction and all other transactions set forth in the DIP Loan Agreement Documents in the Corporation's Chapter 11 Case, and to execute and deliver such other DIP Loan Documents and take such other actions as necessary or advisable to carry out this resolution and to obtain debtor-in-possession financing in the Corporation's Chapter 11 Case pursuant to the DIP Loan Agreement Documents, including, without limitation, filing a motion in the Bankruptcy Court seeking approval for such debtor-in-possession financing, with any terms in the DIP Loan Documents that may materially differ from the terms in the DIP Loan Agreement Documents requiring approval by the appropriate Authorized Officer(s); and it is further

RESOLVED, that, in addition to the foregoing, each of the Authorized Officers, in their foregoing capacities as the authorized representatives of the Corporation in connection with its Chapter 11 Case, acting alone or together, with power of delegation, be, and hereby are, further authorized and empowered, in the name of and on behalf of the Corporation, to execute and deliver all documents and take all actions necessary or advisable to effectuate a confirmed Chapter 11 reorganization plan for the Corporation or to effectuate the sale of substantially all the Corporation's assets in its Chapter 11 Case pursuant to the DIP Loan Agreement Documents, including, without limitation, filing and serving all motions in the Bankruptcy Court for same, including a motion seeking to establish and approve procedures with respect to such a sale of substantially all the Corporation's assets and all actions necessary or advisable to continue marketing the Corporation's assets in furtherance of such a sale; and it is further

RESOLVED, that, in addition to the foregoing specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers, in their foregoing capacities as the authorized representatives of the Corporation in connection with its Chapter 11 Case, acting alone or together, with power of delegation, be, and hereby are, further authorized and empowered, in the name of and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform, such other agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to pay all expenses, including but not limited to filing fees, and to take such other and further action, as in the judgment of such Authorized Officers shall be or become necessary or advisable (such necessity or advisability to be conclusively evidenced by an Authorized Officer's execution of any such document) in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein and to effectuate a successful reorganization of the Corporation's business or successful sale of substantially all the Corporation's assets in its Chapter 11 Case, and any and all such actions heretofore or hereafter taken by Authorized Officers relating to and within the terms of the resolutions adopted herein be, and hereby are, adopted, affirmed, approved and ratified in all respects as the act and deed of the Corporation; and it is further

RESOLVED, that all actions relating to the matters contemplated by the foregoing resolutions which were taken or were caused to be taken in the name of and on behalf of the Corporation prior to the effective date of the resolutions herein, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Corporation with the same

force and effect as if each such actions had been specifically authorized in advance by resolution of the Board.

This Written Consent may be executed in one or more counterparts and may be delivered electronically via facsimile or pdf. each of which shall be deemed an original and all of which taken together shall constitute one and the same consent.  The undersigned further direct that this Written Consent shall take effect immediately as of the date first written above and shall be filed in the minute book of the Corporation with the minutes of the meetings of the Board.

[Signature Page Follows]

IN WITNESS WHEREOF, each of the undersigned directors of the Corporation has executed this Written Consent as of the date first written above.

_____
Greg Wolyniec

DocuSigned by:
*Gary Foreman*
4340D5A30168475...
_____
Gary Foreman

_____
Robert Voreyer

6

IN WITNESS WHEREOF, each of the undersigned directors of the Corporation has executed this Written Consent as of the date first written above.

DocuSigned by:
*Gregory Wolyniec*
9D5DAF09F525468...
_____
Greg Wolyniec


_____
Gary Foreman


_____
Robert Voreyer

6

IN WITNESS WHEREOF, each of the undersigned directors of the Corporation has executed this Written Consent as of the date first written above.

_____
Greg Wolyniec

_____
Gary Foreman

*DocuSigned by:*
*Robert Voreyer*
5028C8EF72614F9...
Robert Voreyer

6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: |
| HUMAN CONDITION SAFETY INC., | Chapter 11 |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULES 1007(a) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Rules 1007(a) and 7007.1 of the Federal Rule of Bankruptcy Procedure and to enable Judges to evaluate possible disqualification or recusal, the undersigned hereby certifies on behalf of the above-captioned debtor, Human Condition Safety Inc. (the "***Debtor***"), that the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the Debtor:  AIG PC Global Services, Inc.

Dated: March 10, 2017

_____
Gregory Wolyniec
President, Director
and Chief Executive Officer of Human Condition Safety Inc.

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name __**Human Condition Safety Inc.**_____

United States Bankruptcy Court for the: __Southern____ District of __New York__
(State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __**Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __*3/10/2017*__     ✗ _/s/ Greg Wolyniec_____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

**Greg Wolyniec**
_____
Printed name

**President, Director & Chief Executive Officer**
_____
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

**Fill in this information to identify the case:**

Debtor name: Human Condition Safety Inc.
United States Bankruptcy Court for the: Southern District of New York
Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed* | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Uriel Tabah Moreira<br>209 E. 66th St., Apt. 6D<br>New York, NY 10065 | Uriel Tabah Moreira<br>Email: utm201@nyu.edu<br>Tel: 561-801-0623 | Loan, promissory note | | | | $221,987.00 |
| 2 | Verizon<br>915 Broadway 8th FL<br>New York, NY 10010 | Tom Furman<br>Email: tom.furman@verizonwireless.com<br>Tel: 917-270-1320 | Accounts payable, trade debt, service agreement(s) | | | | $60,000.00 |
| 3 | East Coast Product, Inc.<br>c/o WeWork Fort Point<br>11 Rowena St, Unit 1<br>Dorchester MA 02124 | JR Howard<br>Email: jr@eastcoastproduct.com | Accounts payable, trade debt, service agreement(s) | | | | $50,179.00 |
| 4 | City National Bank<br>1140 Avenue of the Americas<br>3rd flr<br>New York, NY 10036 | Kevin Wallace<br>Email: kevin.wallace@cnb.com<br>Tel: 917-322-0926 | Credit card balance | | | | $51,584.29 |
| 5 | Bloomberg | Tom Fisher<br>Email: tfisher75@bloomberg.net | Trade debt | | | | $30,925.00 |
| 6 | Lawrence Gallo<br>584 Bay Ridge Parkway<br>Brooklyn, NY 11209 | Lawrence Gallo<br>Email: lgallo@safetygroupltd.com<br>Tel: 917-231-4448 | Independent contractor/consultant service agreement | | | | $26,040.00 |
| 7 | Alan J. Septimus<br>133 Hickory Kingdom Road<br>Bedford, NY 10506 | Email: alan@aseptimus.com<br>Tel: 914-391-3284 | Loan, promissory note | | | | $20,000.00 |
| 8 | Samantha Brahms<br>430 E 20th Street<br>New York, NY 10009 | Email: samantha.brahms@gmail.com | Accounts payable, settlement agreement | | | | $19,000.00 |
| 9 | Preview Labs<br>157 Church Street, 19th flr<br>New Haven, CT 06510 | Bernard François<br>bernard.francois@previewlabs.com<br>Tel: (203) 640-8121 | Accounts payable, trade debt, service agreement(s) | | | | $17,940.00 |

| # | Creditor | Contact | Nature of claim | | | | Amount |
|---|---|---|---|---|---|---|---|
| 10 | Accretive Solutions | David Bell<br>Email: dbell@accretivesolutions.com | Professional services/ accounting | | | | $16,431.24 |
| 11 | Lab Support<br>4400 Cox Road, #200<br>Glen Allen, Virgina 23060 | Anthony Allen<br>Email: aallen@apexsystemsinc.com<br>Tel: 804-523-8274 | Temporary staffing | | | | $24,000.00 |
| 12 | Riker Danzig Scherer Hyland Perretti, LLP<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981 | Joshua Greenfield<br>Email: JGreenfield@riker.com<br>Tel: 973-451-8532 | Professional services/legal | | | | $9,932.58 |
| 13 | Fragomen, Del Rey, Bernsen & Loewy, LLP<br>7 Hanover Square<br>New York, NY 10004 | Raquel Liberman<br>RLiberman@fragomen.com<br>Tel: 212-688-8555 | Professional services/legal | | | | $7,015.00 |
| 14 | Cogent<br>2450 N Street NW<br>Washington, DC 20037 | Robert Barse<br>Email: Rbarse@cogentco.com | Accounts payable, trade debt, service agreement(s) | | | | $5,848.00 |
| 15 | Lightower Fiber Networks I, LLC | Quirina Hernandez<br>Email: qhernandez@lightower.com | Accounts payable, trade debt, service agreement(s) | | | | $5,651.10 |
| 16 | Reliable Van & Storage<br>550 Division St<br>Elizabeth, NJ | Jeremy Mortorff ar@reliablevan.com<br>Tel: (908) 977-6050<br>Credit Collector Manager | Trade debt | | | | $5,484.00 |
| 17 | DIDIMO S.R.L.<br>Vedia 2727, CP 1429<br>Ciudad de Buenos Aires, Argentina | Cristobal Papendieck<br>Email: cristobal.papendieck@dmo.company<br>Tel: +5411-4704-7913/ 4701-8821 (ext.7) | Accounts payable, trade debt, service agreement(s) | | | | $2,250.00 |
| 18 | Ives, Sultan & Spike, PLLC<br>100 Crossways Park Drive West<br>Woodbury, NY | Ricky Spike<br>Email: rspike@ivessultanspike.com<br>Tel: 516-496-9500 | Professional services/tax | | | | $4,003.75 |
| 19 | LinkedIn Corporation<br>62228 Collections Center Drive<br>Chicago, IL 60693 | Jordan Handmaker<br>ar-receipts@linkedin.com or billing inquiries: webform<br>http://lnkd.in/billinghelp;<br>email:jhandmaker@linkedin.com | Accounts payable, trade debt, service agreement(s) | | | | $4,229.35 |
| 20 | Empire City Consultants<br>15 West 36th Street<br>New York, NY 10018 | Lauren Smith<br>Email: lsmith@nycecc.com<br>Tel: 212-228-1131 | Accounts payable, trade debt, service agreement(s) | | | | $2,100.00 |

*\* The information herein does not constitute an admission of liability by, nor is it binding on the Debtor, and nothing provided herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date. All claims are subject to any customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which may not be reflected on this list and may be subject to further investigation.*

Official form 204                    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims

**Fill in this information to identify the case and this filing:**

Debtor Name __Human Condition Safety Inc.__

United States Bankruptcy Court for the: __Southern__ District of __New York__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __3/10/2017__    ✗ *[signature]* _____
MM / DD / YYYY                     Signature of individual signing on behalf of debtor

**Greg Wolyniec**
Printed name

**President, Director & Chief Executive Officer**
Position or relationship to debtor